IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| **EDIT SZANTO**<br><br>        Plaintiff,<br><br>v.<br><br>**COLLEGE OF SOUTHERN IDAHO**, a community college; **THAD SCHOLES; KARL KLEINKOPF; BOB KEEGAN; JAN MITTLEIDER; LAIRD STONE; JEFF FOX;** and **CURTIS EATON,** in their individual and official capacities;<br><br>        Defendants. | Case No.  1:15-CV-00262-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it defendants' motion to dismiss some, but not all, claims in this action. The motion is fully briefed and at issue. For reasons explained below, the Court will grant the motion, allow plaintiff Szanto to amend her complaint, and permit her to conduct discovery on some claims being dismissed.

## FACTUAL BACKGROUND

Plaintiff Szanto claims that she was harassed and ultimately fired from her job with the College of Southern Idaho (CSI) because she was a woman born in Romania. She seeks damages, injunctive relief, and reinstatement based on violations of Title VII, § 1981, and § 1983. She has sued CSI, its former president, Curtis Eaton, its current

**MEMORANDUM DECISION AND ORDER 1**

president, Dr. Jeff Fox, and each of the five members of the Board of Trustees, in their official and individual capacities.

All of the individual defendants seek to dismiss the claims against them in their official capacities on the ground that these allegations are more properly made against CSI. The five members of the Board of Trustees seek to dismiss the claims made against them in their individual capacities on the ground that the amended complaint fails to identify any actions taken by them personally.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 545 (2007). While a complaint attacked by a Rule 12(b)(6) motion to dismiss "does not need detailed factual allegations," it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id*. at 570.

A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it

MEMORANDUM DECISION AND ORDER 2

"stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.* at 557.

The Supreme Court identified two "working principles" that underlie *Twombly* in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). First, the court need not accept as true, legal conclusions that are couched as factual allegations. *Id.* Rule 8 does not "unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 678-79. Second, to survive a motion to dismiss, a complaint must state a plausible claim for relief. *Id.* at 679. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

A dismissal without leave to amend is improper unless it is beyond doubt that the complaint "could not be saved by any amendment." *Harris v. Amgen, Inc.*, 573 F.3d 728, 737 (9th Cir. 2009) (issued 2 months after *Iqbal*). The Ninth Circuit has held that "in dismissals for failure to state a claim, a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss and Liehe, Inc. v. Northern California Collection Service, Inc.,* 911 F.2d 242, 247 (9th Cir. 1990). The issue is not whether plaintiff will prevail but whether he "is entitled to offer evidence to support the claims." *See Hydrick v. Hunter*, 466 F.3d 676, 685 (9th Cir. 2006).

**MEMORANDUM DECISION AND ORDER 3**

# ANALYSIS

## Official Capacity Claims

Szanto's amended complaint contains numerous allegations against CSI, and numerous separate allegations against the individual defendants in their official capacities. Szanto explains that her legal research left her uncertain whether CSI was an arm of the state with Eleventh Amendment immunity. Fearing that CSI might be dismissed, she decided to sue the individual defendants in their official capacity to get the same result.

The uncertainty over CSI's entitlement to immunity has now been resolved because CSI agrees that it is a proper defendant. *See CSI Brief (Dkt. No. 16)* at p. 5. If CSI had any Eleventh Amendment immunity, this concession waived that protection. *See Hill v. Blind Industries & Services,* 179 F.3d 754, 757-59 (9th Cir. 1999) (holding that immunity under Eleventh Amendment may be waived). There is now no reason to maintain this action against the individual defendants in their official capacity. *See Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985) (holding that naming an individual in his official capacity is only another way of naming the entity).

Accordingly, the Court will grant the motion to dismiss all the individual defendants sued in their official capacity. This will require Szanto to file a third amended complaint that deletes any allegations against these individual defendants in their official capacity and substitutes CSI in their place.

## Personal Capacity Claims

The defendants seek to dismiss the claims made against the Board members – Dr. Thad Scholes, Karl Kleinkopf, Bob Keegan, Jan Mittleider, and Laird Stone – in their individual or personal capacities on the ground that the amended complaint fails to identify any specific actions of these Board members that support personal liability. The amended complaint often refers collectively to these five Board members as the "Board of Trustees" (or "Board") but only alleges actions taken in their official capacity.

Szanto counters that she tried to get information before filing this lawsuit that might reveal how the five Board members acted outside their official duties to influence decisions affecting her employment but was rebuffed by the defendants. They rejected her public records request on the ground that she would be entitled to discover the information under the federal discovery rules, obviously anticipating this lawsuit. Taking the defendants at their word, Szanto argues that "she should have the opportunity to discover what role each individual played in the decision to dismiss her separate from their collective action as a Board." *See Szanto Brief (Dkt. No. 13)* at p. 7.

The Court will also take defendants at their word. The Court will permit Szanto to make discovery inquiries into not only whether the Board members engaged in official actions affecting her employment, but also whether they individually took actions outside of their official duties (but still under color of state law) that had some impact on her employment.

At the same time, the defendants are correct that Szanto's amended complaint as presently constituted identifies no specific actions that individual Board members took in their personal capacity, outside of their official duties. So the claims against the

**MEMORANDUM DECISION AND ORDER 5**

individual Board members in their individual capacities fails to pass the *Iqbal/Twombly* test.  The Court will therefore dismiss the claims against the individual Board members acting in their individual capacities without prejudice to the rights of Szanto to amend her complaint to add these claims if the discovery discussed above reveals supporting evidence.

## Conclusion

The defendants' motion to dismiss does not challenge claims brought against CSI or claims brought against Dr. Jeff Fox and Curtis Eaton in their personal capacities. Thus, this decision has no impact on those claims.

The Court will grant defendants' motion to dismiss the claims against all the individual defendants in their official capacities, and the claims against the five members of the Board of Trustees in their individual capacities.  Szanto shall amend her complaint to substitute CSI as a defendant in any claim where an individual (or the Board of Trustees) was previously named in an official capacity, and shall file that third amended complaint within ten (10) days of this Order.

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to dismiss (docket no. 8) is GRANTED, and that (1) claims against defendants Dr. Jeff Fox and Curtis Eaton in their official capacity are DISMISSED, and (2) claims against defendants Dr. Thad Scholes, Karl Kleinkopf, Bob Keegan, Jan Mittleider, and Laird Stone in their official and individual capacities are DISMISSED.

MEMORANDUM DECISION AND ORDER 6

IT IS FURTHER ORDERED, that Court will permit Szanto to make discovery inquiries into not only whether the Board members engaged in official actions affecting her employment, but also whether they individually took actions outside of their official duties (but still under color of state law) that had some impact on her employment.

IT IS FURTHER ORDERED, that granting the motion to dismiss does not affect claims against defendant College of Southern Idaho, and does not affect claims against Dr. Jeff Fox and Curtis Eaton in their individual capacities.

IT IS FURTHER ORDERED that Plaintiff has leave to amend her complaint to add the College of Southern Idaho as a defendant in any claim where an individual defendant (or the Board of Trustees) was named in his or her official capacity within ten (10) days.

DATED: February 15, 2016

_____
B. Lynn Winmill
Chief Judge
United States District Court

**MEMORANDUM DECISION AND ORDER** 7