# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| EDIT SZANTO, | Case No.  1:15-cv-00262-BLW |
| Plaintiff, | |
| vs. | **PROTECTIVE ORDER** |
| COLLEGE OF SOUTHERN IDAHO, a community college; THAD SCHOLES; KARL KLEINKOPF; BOB KEEGAN; JAN MITTLEIDER; LAIRD STONE; JEFF FOX; and CURTIS EATON, in their official and individual capacities; | |
| Defendants. | |

Based upon the parties' Joint Motion and Stipulation for Protective Order (Dkt. 19)

consideration of the record, and pursuant to the provisions of F.R.C.P. 26(c), the parties' Joint

Motion and Stipulation for Protective Order :

**IT IS HEREBY ORDERED** as follows:

**A.          Scope of Order / Definition**

This Order shall apply to all documents, regardless of form, including portions of

deposition transcripts, that contain information related to: confidential or sensitive health, medical,

or financial information; tax information protected under Idaho Code § 63-3076 or other applicable

provisions of state or federal law; personally identifiable information from education records of

students protected by the Family Educational Rights and Privacy Act (FERPA), 20 U.S.C. §1232g,

or other applicable provisions of state or federal law; personnel records protected from public

**PROTECTIVE ORDER - 1.**

disclosure under Idaho Code § 74-106, proprietary information not available to the public, or information which is subject to confidentiality agreements with a third party (collectively referred to as "Protected Materials" herein).

**B.**       **Access to and Use of Protected Materials**

The parties agree they will only use Protected Materials, which shall be conspicuously marked "CONFIDENTIAL," for purposes of this litigation, and will only make it available to: (a) counsel of record for any party, and the legal associates, clerical or support staff of such counsel assisting in the preparation of this action; (b) a party and a party's employees, or independent experts, or potential experts, or any other person employed or retained by counsel for the purpose of assisting counsel in this action, after said party has advised such person of the provisions of this Order and secured his or her agreement to abide by its terms; (c) witnesses, court personnel and court reporters at any proceedings held in connection with this action and to whom there is a legitimate need to disclose particular materials; and (d) case evaluators, facilitators, and mediators after said party has advised such person of the provisions of this Order and secured his or her agreement to abide by its terms.

Each individual who receives any Protected Materials hereby agrees to subject himself/herself to the jurisdiction of this Court for any purposes of any proceedings relating to enforcement of this Protective Order.

**C.**       **Handling Protected Personal Materials**

If any party files with the Court any pleading, interrogatory, answer, affidavit, motion, brief, or other paper containing, appending, summarizing, excerpting or otherwise embodying Confidential Material, the pleading or other paper in which the Confidential Material is embodied

**PROTECTIVE ORDER - 2.**

shall be filed and maintained under seal and shall not be available for public inspection. The party making the filing shall comply with Dist. Idaho Loc. Civ. R. 5.3. Further, Idaho Loc. Civ. R. 5.5 shall be complied with to protect personal privacy.

**D.       Miscellaneous**

1.       This Order shall not prevent either party from applying to the Court for relief from the Order or any part thereof, or for relief from its application in any particular circumstance, or from applying to the Court for further or additional protective agreements or orders.

2.       This Order shall survive the final termination of this or related proceedings to the extent that the Protected Materials have not or do not become known to the public.

3.       The parties may rely on a waiver of the provisions of this Order or consent to disclosure of Protected Materials that is made by the producing party's attorney as if that waiver or consent was made by producing party him/itself, provided that such waiver or consent is express and shall be either in writing or on record in a hearing, trial, or deposition transcript.

4.       In the event a Party receives a subpoena or other legal or governmental demand for production of any Protected Material, the subpoenaed Party shall notify the requesting party of the subpoenaed Party's obligations defined by this stipulation in order to allow the requesting party to take appropriate steps in obtaining a court order, if the court in this action so deems, ordering the production of the requested Protected Material.

5.       All Protected Material and all copies (including electronic, paper and any other versions thereof) shall be returned to the producing Party or otherwise permanently destroyed or deleted by the requesting Party within 30 days following termination of this litigation between the parties, including all appeals.  If permanently destroyed or deleted, counsel for the requesting party

**PROTECTIVE ORDER - 3.**

shall provide written assurance to counsel for the producing party of such destruction or deletion within 30 days following termination of this litigation.

6.      Except as specifically provided herein, the terms, conditions and limitations of this Protective Order shall survive the termination of this action.

7.      Pursuant to Local Rule 5.3(a), Counsel seeking to file a document under seal shall file a motion to seal, along with supporting memorandum and proposed order, and file the document with the Clerk of Court. Said motion must contain "MOTION TO SEAL" in bold letters in the caption of the pleading.

DATED: February 26, 2016

B. Lynn Winmill
Chief Judge
United States District Court

**PROTECTIVE ORDER - 4.**